IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRAYDEN JOHNSON, LOGAN RHINES, and KAYLA SAVAGE, individually, and on behalf of all others similarly situated,<br><br>        *Plaintiffs*,<br>v.<br><br>THE UNIVERSITY OF OKLAHOMA, *et al.*,<br><br>        *Defendants*. | Case No. 5:24-cv-00495-PRW |

## PARTIALLY UNOPPOSED MOTION OF CIVIL RIGHTS AMICI FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

The Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee") and the American Civil Liberties Union of Oklahoma Foundation ("ACLU OK") (collectively, "Civil Rights Amici") respectfully request leave to file the attached brief as amici curiae in support of Defendants' Motion to Dismiss (Doc. 19). Plaintiffs consent to the filing of the brief and Defendants take no position.

The Court has discretion to permit the filing of an amicus brief. Courts are permitted to consider "the usefulness of information and argument presented by the potential amicus curiae to the court," even at the district court level. *Pickup v. Dist. Ct. of Nowata Cnty.*, Oklahoma, No. CIV 20-0346 JB/JFJ, 2023 WL 1394896 at *70 (N.D. Okla. Jan. 31, 2023) (internal quotation omitted). "An amicus brief should normally be

1

allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Id.* at *52 (internal quotation omitted). This standard is similar to the standard that governs amicus at the appellate level. As further discussed below, the proposed brief will benefit the Court with timely and useful information that will assist the Court by presenting relevant facts and related argument beyond the information found in other briefs.

Each amicus curiae has a significant interest in the outcome of this case as their mission and work will be greatly impacted by this Court's decision, as discussed in more detail in their respective "Statement of Interest" in the brief accompanying this motion. The Lawyers' Committee is a national racial justice organization that has worked to secure equal justice for all through the rule of law for more than 60 years, targeting, in particular, the injustices and inequities confronting Black people and other people of color. The Lawyers' Committee's Educational Opportunities Project works with private law firms and community leaders to ensure that all students have equal access to meaningful educational opportunities free from discrimination and harassment in both the K12 and higher education context.

The American Civil Liberties Union of Oklahoma Foundation is a non-partisan, non-profit organization with 2,025 current members dedicated to the principles of liberty and equality embodied in the U.S. and Oklahoma Constitutions. Throughout its sixty-year history, ACLU OK has advocated in courts and legislatures against discrimination in all its forms, including bringing its own lawsuit against Defendants in this case along with

the Lawyers' Committee. *See Black Emergency Response Team, et al. v. Drummond*, No. CIV-21-1022-G (W.D. Okla. Nov. 9, 2021) (Doc. 50) (challenging the University of Oklahoma's implementation of H.B. 1775 (70 O.S. § 24-157)). Because ACLU OK is dedicated to preventing discrimination, it has a special interest in ensuring that Defendants do not endure frivolous claims of discrimination based on misunderstandings of the law, like those brought by Plaintiffs in this case.

Civil Rights Amici are also two organizations that work directly with affected students and communities who will be most impacted by this ruling. While Defendants address overarching concerns with the Complaint from the University of Oklahoma's perspective, Amici submit that hearing relevant arguments from the civil rights perspective will be critical for the Court in determining whether grounds for a dismissal exist. Both the Lawyers' Committee and ACLU OK represent student members of the Black Emergency Response Team, a student organization at the University of Oklahoma in *Black Emergency Response Team, et al. v. Drummond,* and maintain an interest in supporting diverse and inclusive learning environments for all students at the University of Oklahoma and elsewhere within Oklahoma.

Amici will argue that this Court should dismiss Plaintiffs' lawsuit because they fail to sufficiently state a plausible claim of racial discrimination under Federal Rule of Civil Procedure 12(b)(6). More specifically, Amici argue that Plaintiffs improperly invoke strict scrutiny analysis because Plaintiffs do not allege any facts supporting the use of racial classifications by OU in making financial aid decisions. Under Equal

Protection and Title VI jurisprudence, strict scrutiny can only be applied when racial classifications are afoot or intentional discrimination has been proven. Second, Plaintiffs' claim fails because even under the proper test, the multi-factored approach described in *Arlington Heights* to determine whether a facially neutral policy is nonetheless motivated by discrimination, Plaintiffs have not adequately pled that the university's race neutral administration of financial aid is, in fact, motivated by a discriminatory purpose. Amici further argue that Plaintiffs should have alleged that OU's racially neutral program was motivated by discrimination under the factors set out in *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977), but Plaintiffs failed to adequately plead allegations supporting any of the factors.

Defendants filed their Motion to Dismiss on July 15, 2024 and Plaintiffs' response is forthcoming. The amici brief will therefore not unduly delay the Court's ability to rule on any pending matter.

No party nor counsel for a party authored the brief in whole or in part, and no party, counsel for a party, or person other than Amici Curiae, their members, or their counsel made any monetary contribution intended to fund the preparation or submission of this brief.

For these reasons, Amici respectfully urge the Court to grant the Motion for Leave to File the attached brief and enter an order requiring such submission.

Respectfully submitted,                                Dated:    July 25, 2024

By:    */s/ Megan Lambert*
Megan Lambert, OK Bar No. 33216              Chavis Jones, *pro hac vice pending*
Adam Hines, OK Bar No. 35640                 Maya Brodziak, *pro hac vice pending*
AMERICAN CIVIL LIBERTIES                     LAWYERS' COMMITTEE FOR
UNION FOUNDATION OF                          CIVIL RIGHTS UNDER LAW
OKLAHOMA                                     1500 K Street N.W., Suite 900
PO Box 13327                                 Washington, DC  20005
Oklahoma City, OK 73113                      Tel: (202) 662-8307
Tel: (405) 524-8511                          cjones@lawyerscommittee.org
mlambert@acluok.org                          mbrodziak@lawyerscommittee.org
ahines@acluok.org

*Attorneys for Amici Curiae*
*Lawyers' Committee for Civil Rights*
*Under Law and ACLU of Oklahoma*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2024, I electronically filed the foregoing Partially Unopposed Motion of Civil Rights Amici for Leave to File Amici Curiae Brief in Support of Defendants' Motion to Dismiss via the Court's CM/ECF system, which effects service upon all counsel of record.

                                              */s/ Megan Lambert*
                                              Megan Lambert
                                              OK Bar No. 33216
                                              AMERICAN CIVIL LIBERTIES UNION
                                                  FOUNDATION OF OKLAHOMA
                                              P.O. Box. 13327
                                              Oklahoma City, OK 73113
                                              Tel.: 405-524-8511
                                              mlambert@acluok.org